Del.] HART vs. HUDSON, use of GREENLY. 283

Statement.

———•———

PETER J. HART d. b. a. *vs.* MAJOR W. HUDSON, use of EUNICE A. GREENLY p. b. r.

Sussex County, October Term, 1896.

**Intoxicating Liquor. Contract.**—While by-statute no debt contracted for liquor sold in quantities less than one half gallon is collectible at law, yet by express contract one may work for another and receive liquor in payment for his labor.

This was an appeal from judgment of a justice of the peace, on a claim for work and labor. The defendant below appellant claimed to have made payment in full, a part of such payment having been made in liquor. The facts appear in the charge of the Court.

*J. M. Richardson*, for the plaintiff below, respondent.

*Woodburn Martin*, for the defendant below, appellant.

LORE, C. J., (charging the jury.)

This is a suit brought by Major W. Hudson against Peter J. Hart to recover as he claims a balance with interest to date of $102.64 for services rendered Mr. Hart, upon the basis of fifty cents per day during the entire time of the service. As to whether

Peter J. Hart employed this man to work at that price or whether
any balance is due, are questions of fact exclusively for your judg-
ment upon the evidence in this case. There is no law bearing upon
it except as to the item or claim made by Mr. Hart which includes
payment by liquor. According to the notes of the stenographer
the testimony is that they claim that $41 was paid by Mr. Hart
either in liquor altogether, or in liquor and tobacco, the liquor not
being entirely separate from it. As to the charge so far as it re-
lates to liquor we say to you, that the statute of this State provides
that no debt contracted for liquor sold in quantities less than a half
a gallon shall be collectible either in Court or before a justice of the
peace.    Rev. Code 414, § 15.

Now the purpose of that law was unquestionably to prevent
anyone from going to a hotel and getting liquor on credit in quan-
tities less than one-half gallon, and if liquor was sold in quantities
less than one-half gallon upon credit that bill could not be col-
lected.

But we say to you this, that while a bill of that kind cannot
be collected, yet if a man sees fit to work for another, and by a
specific and exact agreement to take, and does actually take and re-
ceive in payment for that labor liquor, he may do so, because that
is not an attempt to collect a bill, but is an agreement on his part
to receive something in payment for the work already done, and if
paid in that way and received by him in that way, then it is pay-
ment, because payment may be either in money or in something
that the creditor agrees to take in place of money, something of
value.

But in order for you to allow the credit of $41 or so much of
it as relates to liquor, you must be satisfied that there was a dis-
tinct agreement or contract made between these parties that that
work was to be paid for in liquor to some extent, and that it was
so paid by Mr. Hart, and so received by this plaintiff. If it was
not so paid and so received, he is entitled to recover that amount at

your hands, and such other amount, if entitled to recover at all as you may think he is entitled to under all the proof in this case.

*Verdict for plaintiff for six cents and costs.*